# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CR-00040-01-DGK |
| | ) | |
| SYLVESTER O. SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON ADMISSIBILITY OF RULE 404(b) EVIDENCE

This is a criminal case where Defendant is charged with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Now before the Court are the Government's notice of intent to offer prior convictions pursuant to Rule 404(b) (Doc. 50), Defendant's response and notice of intent to offer evidence pursuant to Rule 404(b) (Doc. 74), and the Government's reply (Doc. 93).

### I. The Government's Rule 404(b) evidence is admissible.

The Government seeks to introduce evidence of Defendant's prior convictions for (1) unlawful use of a weapon–carrying a concealed weapon on December 2, 1992, and (2) unlawful use of a weapon on September 6, 1996, for the purpose of proving intent, knowledge, and absence of mistake or accident in this case.

Federal Rule of Evidence 404(b) states that evidence of other crimes are not admissible to prove the character of a person, but that this evidence may be "admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). The Eighth Circuit has held that evidence of a "prior conviction is admissible if (1) it is relevant to a material issue, (2) it is similar in kind and not

overly remote in time to the charged offense, (3) it is supported by sufficient evidence, and (4) its potential prejudice does not substantially outweigh its probative value." *United States v. Ellis*, 817 F.3d 570, 579 (8th Cir. 2016).

Defendant challenges these convictions on the basis that they not relevant and are too remote in time to be admissible. However, looking at the factors outlined by the Eighth Circuit, the Court finds these prior convictions are admissible.

### A. The prior convictions are relevant.

The convictions are relevant to the charge in this case because they are probative to the issue of knowledge and intent to commit the charged crime. *United States v. Walker*, 470 F.3d 1271, 1274 (8th Cir. 2006) ("Evidence that a defendant possessed a firearm on a previous occasion is relevant to show knowledge and intent.").

### B. The prior convictions are not too remote in time.

"[T]here is no absolute rule regarding the number of years that can separate offenses. Rather, the court applies a reasonableness standard and examines the facts and circumstances of each case." *United States v. Engleman*, 648 F.2d 473, 479 (8th Cir. 1981); *United States v. Mejia–Uribe,* 75 F.3d 395, 398 (8th Cir. 1996) (holding the "inquiry regarding the remoteness of a prior conviction is fact specific" and to determine "how long is too long depends on the theory" of the Government's case). While the Eighth Circuit has been "reluctant" to admit evidence of prior conduct older than thirteen years, it has upheld evidence of prior crimes sixteen years prior to the charged offense. *See United States v. McCarthy*, 97 F.3d 1562, 1573 (8th Cir. 1996) (stating the court has "been reluctant to go beyond [the] 13–year time frame."); *United States v. Strong*, 415 F.3d 902, 905–06 (8th Cir. 2005) (finding sixteen years old conviction was not too remote).

Here, approximately twenty-two and twenty-six years elapsed between Defendant's earlier convictions and the present case. The Court finds this evidence supports the Government's theory—Defendant's history of firearms convictions directly bears on his knowledge of, and intent to possess a firearm at the time of the charged offense. Additionally, Defendant has been in custody for much of the time between his prior convictions and this charged offense. *Ellis*, 817 F.3d at 580 (upholding the admission of "remote convictions" because the defendant had been in custody for much of the time between the conviction at issue and the offense charged). Based upon the facts of this case, the Court finds Defendant's earlier convictions are not too remote.

### C. Any prejudicial effect does not substantially outweigh the evidence's probative value.

Finally, the Court finds any potential prejudice does not substantially outweigh the probative value of this evidence. *See United States v. Arcoren*, 929 F.2d 1235, 1243 (8th Cir. 1991) ("Rule 404(b) is one of inclusion rather than exclusion, permitting the admission of other act evidence, unless the evidence tends to prove only the defendant's criminal disposition."). Defendant states this evidence can only show his propensity to commit gun offenses and therefore poses a significant danger of unfair prejudice. The Court disagrees and has considered the Government's limiting instruction to reduce the risk of confusing the jury on this issue. *United States v. Kent*, 531 F.3d 642, 651 (8th Cir. 2008) (stating the Eighth Circuit as "been reluctant to find that the evidence was unfairly prejudicial when the district court gave an appropriate limiting instruction, instructing the jury not to use the evidence as proof of the acts charged in the indictment.").

### II. Defendant's Rule 404(b) evidence as to Witness Donna Tanksley is not admissible.

Defendant seeks to introduce evidence of prior drug charges of a third-party witness in this case, Donna Tanksley. Ms. Tanksley was a backseat passenger in the car where the gun in this

case was found.  Ms. Tanksley's wrongful acts Defendant seeks to introduce are: (1) a conviction for two counts of possession of a controlled substance on April 28, 2009, and (2) a charge of possession of a controlled substance on April 6, 2018, which is still pending.  While neither charge involves a gun, in both instances a gun was found in the same room as Ms. Tanksley when she was arrested for the drug crimes.  Defendant seeks to introduce this evidence for the purpose of proving intent, knowledge, and absence of mistake or accident of possessing the gun at issue in this case.

The Court finds this evidence is not admissible under Rule 404(b) because the crimes Defendant seeks to admit, drug possession, are not relevant to the material issue in this case, gun possession.  *United States v. Hermes*, 847 F.2d 493, 497 (8th Cir. 1988) ("If the evidence is proffered on issues such as intent, knowledge or plan, *the prior acts must be similar in kind* and reasonably close in time to the offense charged at trial.") (emphasis added).  Further, this evidence only supports a finding that Ms. Tanksley is present around guns, not that she possessed the gun in this case.  The Court finds this evidence presents minimal probative value, a high risk of wasting time, and confusing the issues.  *See* Fed. R. Evid. 403.  Thus, because the prejudicial effect of this evidence substantially outweighs its probative value, the evidence is not admissible.

**IT IS SO ORDERED.**

Date:  August 20, 2018  /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT